**SO ORDERED.**

**SIGNED this 09 day of January, 2008.**



*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

Opinion designated for online use and print publication

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re:<br><br>JULIE ANN FABERT,<br><br>DEBTOR. | CASE NO. 06-21539<br>CHAPTER 7 |

MEMORANDUM OPINION AND ORDER OVERRULING TRUSTEE'S OBJECTION
TO DEBTOR'S AMENDED SCHEDULE C EXEMPTIONS

The matter under advisement is the Chapter 7 Trustee's objection to Debtor's claim of federal personal property exemptions. The Chapter 7 Trustee, Christopher J. Redmond, appears by Scottie S. Kleypas, of Husch & Eppenberger, L.L.C. Debtor, Julie Ann Fabert, appears by Tracy L. Robinson and Jason G. Roach. There are no other appearances. The Court has jurisdiction.[1]

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings

By agreement of the parties, the issue whether Debtor's exemptions are determined by federal law is submitted on stipulated facts and briefs. For the reasons stated below, the Court denies the objection and holds that Debtor, for whom Kansas exemption statutes are applicable for purposes of 11 U.S.C. § 522(b)[2] but who was living in Missouri on the date of filing, is entitled to use the federal exemptions of § 522(d).

**FINDINGS OF FACT.**

The parties have stipulated to the following facts. Debtor resided in Liberty, Missouri when she filed this voluntary Chapter 7 case on September 28, 2006. The chronology of Debtor's residences from June 2003 to September 2006 is as follows:

> June 2003 through August 2004 - Shawnee Mission, Kansas
>
> August 2004 through November 2004 - 11828 Perry, Overland Park, Kansas
>
> December 2004 through August 2006 - 11117 West 121 Street, Overland Park, Kansas
>
> September 2006 - Liberty, Missouri

On November 30, 2006, approximately two months post-petition, Debtor filed a change of address to 11117 West 121 Street, Overland Park, Kansas.

The following facts are based upon case filings. Debtor's initial Schedule C, filed with her petition, stated she was entitled to exemptions under 11 U.S.C. § 522(b)(2) and claimed as exempt $2,290 in value of personal property having a current value, without deducting the exempt portion, of $2,430. Debtor's Schedule A listed no real property, and she claimed no

---

arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Allowance of exemptions is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(B). There is no objection to venue or jurisdiction over the parties.

[2] Future references to Title 11 in the text are to the section only.

homestead exemption.  The amount of unsecured debt was scheduled as $13,646.40.  On March 21, 2007, Debtor filed Amended Schedules B and C.  Amended Schedule B included her 2006 federal and state income tax refunds in the aggregate amount of $4,049.00.  In Amended Schedule C, pursuant to § 522(d)(5), she added an exemption of $2,994.30, equal to 270/365 of the refunds.

Trustee filed an objection to the amended Schedule C on March 28, 2007.[3]  He alleged that Kansas exemptions are applicable and Kansas, as an opt-out state, does not permit Debtor to elect federal exemptions.  Therefore, in the Trustee's view, all of Debtor's exemptions as shown in Amended Schedule C should be disallowed and the Trustee is entitled to the prepetition portion of Debtor's 2006 tax refunds,[4] which she claims as exempt under § 522(d)(5).  Debtor answered the objection, asserting that because she lived in Liberty Missouri and was domiciled in Missouri on the date of filing as a Missouri resident she could not use the Kansas exemptions and the federal exemptions are the only exemptions that can apply.[5]

---

[3] Doc. 21.

[4] *See Roberson v. Serelson (In re Barowsky)*, 946 F.2d 1516 (10th Cir. 1991) (holding that portion of debtor's income tax refund attributable to prepetition portion of taxable year is property of the estate). Under Kansas law, there is no exemption for tax refunds.  Trustee alleges that using the filing date of September 28, 2006, the prepetition portion of the tax refunds is 271/365 of the total, or $3,006.24.  The parties' briefs do not address the issue of whether the estate's interest is 270/365 or 271/365.

[5] Doc. 27.

3

Case 06-21539    Doc# 38    Filed 01/09/08    Page 3 of 15

**POSITIONS OF THE PARTIES.**

The parties agreed to submit to the Court and have briefed the issue of whether Debtor is entitled to use federal exemptions specified in § 522(d).[6] Trustee, who has the burden of proof,[7] argues that Debtor was domiciled in Kansas on the date of filing for purposes of § 522(b)(2) and that Kansas prohibits the use of federal exemptions.[8] Trustee asserts this is not a "situation where the effect of the domicile requirement as set forth in 522(b)(2)(A) would render the debtor ineligible for any exemption."[9] Debtor agrees that pursuant to § 522(b)(3)(A) she was domiciled in Kansas during the relevant time so Kansas law determines what exemptions may be claimed.[10] However, she asserts that the Kansas personal property exemption statutes, K.S.A. 60-2304 and K.S.A. 60-2313, apply only to residents of Kansas, forcing her, as a nonresident on the date of filing, to elect the federal exemptions, in accord with the exemption saving sentence following § 522(b).[11] Trustee did not file a reply brief and has not briefed whether Kansas exemptions are available to nonresidents and the impact of the sentence following § 522(b).

---

[6] The parties agree this is a question of law and there are no relevant facts other than those stated in the stipulation or ascertained from the documents filed in the case.

[7] Fed. R. Bankr. P. 4003(c).

[8] *See* Doc. 35.

[9] Doc. 35. The reference to § 522(b)(2)(A) appears to be an error, as the Trustee probably was intending to cite § 522(b)(3)(A).

[10] Doc. 34.

[11] *Id.*

4

**ANALYSIS AND CONCLUSIONS OF LAW.**

This case requires the Court to consider the exemption rights of debtors who have resided in various jurisdictions during the two years before the filing of the petition. Section 522 specifies the applicable exemption law. Subsection 522(b)(1) provides that notwithstanding section 541, "an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection." Subsection (2) provides for the exemption of property listed in subsection 522(d), the federal exemptions, "unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize." Subsection (3)(A) allows exemptions under state law and specifies what state law applies. It provides:

> (3) Property listed in this paragraph is
> (A) subject to subsection (o) and (p), any property that is exempt under Federal Law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place;[12]

---

[12] 11 U.S.C. § 522(b)(3)(A).

Domicile for purposes of § 522 is determined under federal common law.[13]  In this case, Trustee contends that Kansas law controls Debtor's exemptions because she was domiciled in Kansas for the entire 730 day period prior to filing.  Debtor on the other hand, asserts that on the date of filing, her domicile was Missouri, that during the 730 days before filing, her domicile had changed from Kansas to Missouri, so that one must look to the 180 days preceding the 270 days, during which Debtor's domicile was Kansas.  Under this theory, Kansas law would also govern Debtor's exemptions.  In other words, both parties agree that Debtor's exemptions are determined by Kansas law, although they would take different routes to reach this conclusion. Primarily because of this agreement and also because the stipulated facts are insufficient to make a determination of domicile[14] the Court will assume that Kansas exemption laws apply but does

---

[13] *Farm Credit Bank of Wichita v. Hodgson (In re Hodgson)*, 167 B.R. 945, 950 (D. Kan. 1994). Domicile is not synonymous with residence.  *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Id.*, 490 U.S. at 48. "[O]ne can reside in one place but be domiciled in another." *Id.* It is a mixed question of law and fact, determined from a consideration of all of the evidence bearing upon a person's contact with a state and intent to remain there.  *In re Frame*, 120 B.R. 718, 723 (Bankr. S.D.N.Y. 1990).

[14] The stipulated facts do not address the multiple factors required to determine domicile under federal law, enumerated in *In re Hodgson*, 167 B.R. at 950, *citing District of Columbia v. Murphy*, 314 U.S. 441, 455-58 (1941) as follows:

> No single factor can conclusively establish domicile.  Among the factors to be considered are: (1) current residence; (2) voting registration and voting practices; (3) location of spouse and family; (4) location of personal and real property; (5) location of brokerage and bank accounts; (6) memberships in churches, clubs, unions and other organizations; (7) location of a person's physician, lawyer, accountant, dentist and stockbroker; (8) place of employment or business; (9) driver's license and automobile registration; and (10) payment of taxes.

6

so without determining under federal law whether Debtor's domicile was Missouri or Kansas on the critical dates.

Having concluded that Kansas exemption laws apply, Kansas exemptions must be examined. This examination is not straightforward. Kansas is an opt-out state, so a Kansas debtor usually may not choose between the federal and state exemptions and must look to state exemption law.[15] Nevertheless, exemptions are determined on the date of filing.[16] The Kansas personal property exemption statutes expressly provide that they apply to residents. K.S.A. 60-2304, addressing exempt items of personal property, starts with the phrase, "Every person residing in this state shall have exempt from seizure . . . the following articles of personal property." K.S.A. 60-2313, addressing exempt assets, such as pensions, annuities, and public assistance benefits, starts with the phrase, "Except to the extent otherwise provided by law, every person residing in this state shall have exempt from seizure . . .."

Debtor contends that because she did not reside in Kansas and was not domiciled[17] in Kansas on the date of filing she can claim no property exempt under K.S.A. 60-2304 or K.S.A. 60-2313. To avoid the result of no available exemptions, Debtor asserts that she is entitled to use the federal exemptions based upon the last sentence of § 522(b)(3). The sentence was enacted as part of the amendments to § 522 made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). BAPCPA amended § 522(b) to "extend the time

---

[15] K.S.A. 60-2312.

[16] 11 U.S.C. § 522(b)(3)(A); *In re Currie*, 34 B.R. 745, 748 (D. Kan. 1983).

[17] Doc. 36. Debtor argues that under Kansas law, the terms domicile and residence mean the same thing which is "the place adopted by a person as his place of habitation, and to which, whenever he is absent, he has the intention of returning." She quotes from *Beard v. Montgomery Ward & Co.*, 215 Kan. 343, 348, 524 P.2d 1159, 1164 (1974).

7

that a debtor must be domiciled in a state from 180 days to 730 days before he or she may claim that state's exemptions,"[18] making it much more likely that a debtor would not be a resident of the state whose exemption laws are applicable. By adding the exemption saving sentence, the legislation provided a statutory remedy for those debtors who, after application of the domicile requirement, would be left without exemption rights. It provides:

> If the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d).

One commentator explains the operation of the sentence as follows:

> However, if the effect of section 522(b)(3)(A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property of the kind specified under section 522(d). The debtor is therefore permitted to exempt property under the federal exemption system in this situation notwithstanding that the state of the debtor's domicile as determined by section 522(b)(3)(A) is an opt-out state. This may arise if the exemption law of the debtor's domicile requires that the debtor reside within the state to claim exemption rights or if the state law does not permit an exemption to be taken on property located outside the state.[19]

Debtor's position is the same as that found applicable in a recent Missouri case. Bankruptcy Judge Federman, in *Nickerson*, held that residency on the date of filing is required to utilize the Kansas exemptions and absent such residency, the debtor could utilize the federal exemptions.[20] The Chapter 7 debtor resided in Belton, Missouri on June 6, 2007, the date of filing, having moved there from Kansas in October 2005. She claimed exemptions under §

---

[18] H.R. Rep. No. 31, 109th Cong., 1st Sess 307 (2005), reprinted in 8 *Norton Bankruptcy Law & Practice 2d* 11 U.S.C. § 522(b) Legislative History & Comment (Norton, auth & ed.-in- chief 2006).

[19] 4 *Collier on Bankruptcy* ¶ 522.06 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 15th ed. rev. 2007).

[20] *In re Nickerson*, 375 B.R. 869 (Bankr. W. D. Mo. 2007).

522(d), and the Trustee objected. The parties agreed that pursuant to § 522(b)(3)(A), Kansas exemption laws applied, since debtor had resided in Kansas during the entire 180 day period following the 730 day period prior to filing, when she had been domiciled in both Missouri and Kansas. The court stated the issue as "whether a debtor 'domiciled' in Kansas for purposes of federal bankruptcy law, but who is not currently residing in the State of Kansas, can claim Kansas exemptions in a bankruptcy case."[21] The court held that the Kansas personal property exemptions were available only to residents, making debtor ineligible to utilize the Kansas exemptions. Debtor was therefore entitled to use the federal exemptions pursuant to the exemption saving sentence of § 522(b)(3). Debtor seeks a similar ruling in this case.

When opposing the Debtor's claimed federal exemptions, Trustee asserts that because Debtor is required to look to Kansas law for her exemptions, she is barred from using the federal exemptions. His argument is predicated upon the fact that Debtor was domiciled in Kansas for purposes of § 522(b)(2) and Kansas is an opt-out state. His brief does not attempt to construe the Kansas personal property exemption statutes or to explain the operation of the exemption saving sentence following § 522(b)(3). He states in his brief:[22]

> The amendments contemplated a situation where the effect of the domicile requirement as set forth in 522(b)(2)(A) would render the debtor ineligible for any exemption. That is not the case here, the circumstances in this case show that the Debtor is domiciled in Kansas and may not use the federal exemptions as prohibited by Kansas law.

Although Trustee's legal arguments are not expressly stated, the Court understands Trustee to be asserting, contrary to Debtor's position, that as of the date of filing she was "residing in" Kansas

---

[21] *Id.*, 375 B.R. at 871.

[22] Doc. 35.

9

within the meaning of the phrases in K.S.A. 60-2304 and K.S.A. 60-2313 and, in the alternative, even if not residing in the state, Debtor is barred from using federal exemptions because Kansas is an opt-out state. If so, Trustee's arguments have several flaws.

First, when arguing that Debtor was domiciled in Kansas, Trustee relies solely upon his arguments in support of choice of Kansas under § 522(b)(3)(A) and fails to make the necessary distinction between domicile for that purpose and residency (or domicile) for the purpose of construing the Kansas exemption statutes. The first is a federal law question, and the second is an issue of state law. In addition, domicile for the purpose of selecting the applicable exemption law is ascertained as of a date different from the date when entitlement to exemptions is established. According to § 522(b)(3)(A), domicile for purposes of § 522(b)(2) looks to where the debtor was domiciled for the entire 730 days prior to filing, and if that domicile is not a single state, then to the domicile during the majority of the 180 day period preceding that 730 period. On the other hand, exemptions are determined as of the date of filing.[23] Assuming that Debtor was domiciled in Kansas for purposes of the choice of law provision of § 522(b)(3)(A), a determination which the Court did not make because the parties agreed that Kansas law applies to the exemption and because of lack of evidence relevant to the domicile question, such a finding would not establish that she was domiciled or resided in Kansas on the date of filing for purposes of construing the Kansas exemption statutes.

---

[23] 11 U.S.C. 522(b)(3)(A); *In re Currie*, 34 B.R. at 748.

10

Case 06-21539    Doc# 38    Filed 01/09/08    Page 10 of 15

Second, assuming, as the Trustee appears to do,[24] that Kansas personal property exemptions may be utilized by a person domiciled in Kansas even though having a Missouri address on the date of filing, the Trustee has failed to prove that Debtor was domiciled in Kansas on that date. The common law definition of domicile is "[t]he place at which a person has been physically present and that the person regards as home; a person's true, fixed, principal, and permanent home, to which that person intends to return and remain even though currently residing elsewhere."[25] The Kansas rules of statutory construction define "residence" to mean "the place which is adopted by a person as the person's place of habitation and to which, whenever the person is absent, the person has the intention of returning"[26] Assuming, without deciding, that "residing in this state" in the Kansas exemption statutes is properly construed to include those domiciled in the state even though temporarily having a residential address outside

---

[24] The Trustee does not brief the Kansas law issue. The Court's own research shows there are no Kansas cases addressing the meaning of "residing in this state" for purposes of the personal exemption statutes. For many purposes, Kansas regards residency as equivalent to domicile. E.g., *Perry v. Perry*, 5 Kan. App.2d 636, 637, 623 P.2d 513, 515 (1981) (for the purpose of divorce jurisdiction residence is substantially equivalent to domicile); *Stumfoll v. Inman*, 188 Kan. 553, 558, 363 P.2d 443, 446 (1961)(for purposes of service of process statute, residence is substantially equivalent to domicile). In the context of the homestead exemption, the Kansas Supreme Court has stated that "residence" is substantially equivalent to "domicile." *Beard v. Montgomery Ward & Co.*, 215 Kan. at 348, 524 P.2d at 1164 (citing K.S.A. 77-201(Twenty-third) that defines "residence" to mean "the place which is adopted by a person as the person's place of habitation and to which, whenever the person is absent, the person has the intention of returning").

On the other hand, although Kansas exemptions are liberally construed, this rule has not been applied to give them extra-territorial effect. *Burlington & M.R.R. v. Thompson*, 31 Kan. 180, 1 P. 622 (1884). The exemption of the proceeds of a homestead, although not including an express requirement regarding residency or the location of the new homestead, has been construed to apply only to proceeds of a Kansas homestead where the debtor intends to purchase another homestead in this state. *In re Ginther*, 282 B.R. 16 (Bankr. D. Kan. 2002) (holding that proceeds of a Kansas homestead are exempt only as long as the debtor intends in good faith to reinvest the proceeds in another homestead in Kansas within a reasonable time); *see In re Sipka*, 149 B.R.181 (D. Kan. 1992) (holding that proceeds of involuntary sale of homestead in Michigan could not be exempt under Kansas homestead statute even if debtor intended to use proceeds to purchase a Kansas homestead).

[25] Black's Law Dictionary (8th ed. 2004).

[26] K.S.A. 77-201(Twenty-third).

11

of the state, in order to prevail Trustee would have to show that on the date of filing Debtor, who had a Missouri address, had not changed her domicile to Missouri and intended to return to Kansas as her place of residency. The Trustee has not done so.

The Trustee's position on Debtor's domicile is very poorly supported. Although citing case law for the proposition that determination of domicile is a mixed question of fact and law requiring the court to evaluate all of the circumstances, when arguing that Debtor was domiciled in Kansas on the date of filing, Trustee relies upon only two facts: (1) That Debtor's postpetition address in Overland Park is the same address where she lived before moving to Missouri and (2) that "debtor stated on her tax return that she is not a resident of Missouri."[27] Although the first fact is addressed by the stipulation, the second is not. The stipulated facts, which are the only facts before the Court, do not address the circumstances of Debtor's moving to Missouri, what actions she may have taken to make Missouri her permanent place of residency, what actions she may have taken indicating her abandonment of Kansas as her domicile, or her intent to return to Kansas.

The Trustee, as the person objecting to the claimed exemptions, has the burden of proof.[28] So, even if Trustee is correct and a nonresident may claim Kansas exemptions if Kansas is that person's domicile, Trustee cannot prevail on his contention that Debtor may claim the benefit of the Kansas exemption statutes. He has not seriously attempted to establish that Debtor was residing in Kansas within the meaning of the Kansas exemption statutes on the date of filing or insisted upon sufficient stipulated facts for the Court to be comfortable that Debtor had in fact

---

[27] Doc. 35.

[28] Fed. R. Bankr. P. 4003(c).

changed her domicile. Even though there are no facts which suggest to the Court that Debtor did not intend to change her place of domicile, the potential for manipulation of residency within the Kansas City Metropolitan area for the purpose of utilizing the most favorable exemption statutes made possible by the structure of § 522 results in this failure being particularly troublesome for the Court.

Finally, the Trustee also could be contending, without providing authorities, that as a matter of law, because Kansas law is applicable pursuant to § 522(b)(3) and Kansas is an opt-out state, Debtor may not utilize federal exemptions pursuant to the sentence following § 522(b)(3). The Court rejects this contention. The legislative history of the BAPCPA amendments to § 522(b)(3) expressly states that if the amendments of the domiciliary periods for claiming a state's exemption law "render the debtor ineligible for any exemption, the debtor may elect to exempt property of the kind described in the Federal exemption notwithstanding the state has opted out of the Federal exemption allowances."[29] Several bankruptcy courts have held federal exemptions available under the exemption saving sentence where a debtor is not residing in the state under whose law the debtor's exemptions are determined, even when those states have opted out of the federal exemptions.[30] In fact, even before BAPCPA and the enactment of the

---

[29] H.R. Rep. No 31, 109th Cong., 1st Sess. 307 (2005), reprinted in 8 *Norton Bankruptcy Law & Practice 2d* 11 U.S.C. § 522(b) Legislative History & Comment (Norton, auth & ed.-in- chief 2006).

[30] *E.g., In re Battle*, 366 B.R. 635 (Bankr. W.D. Tex. 2006) (holding that debtor who had recently relocated from Florida to Texas and filed petition in Texas was not barred by Florida opt-out statute from claiming federal exemptions); *In re Chandler*, 362 B.R. 723 (Bankr. N.D. W. Va. 2007) (holding that where debtor had recently relocated from Georgia, an opt-out state, to West Virginia, debtor could use federal exemptions and was not bound by Georgia opt-out statute); *In re Underwood*, 342 B.R. 358 (Bankr. N.D. Fla. 2006) (holding that debtor who moved to Florida from Colorado less than 730 days prepetition was ineligible to claim Florida exemptions, and as a nonresident of Colorado was ineligible to claim Colorado exemptions, was entitled to claim federal exemptions); *see also In re West*, 352 B.R. 905 (Bankr. M.D. Fla. 2006) (holding that debtor who had moved from Indiana to Florida less than 730 days prepetition who was not eligible for

13

exemption saving sentence, some courts reached the conclusion that federal exemptions should be available to a debtor whose domicile precluded exemption under applicable state law, even though the domiciliary state had opted out.[31]

The Court therefore overrules the Trustee's objection to Debtor's use of the federal exemptions. Although Kansas exemption statutes apply pursuant to § 522(b)(3)(A), Trustee has not proven that Debtor, who was not living in Kansas on the date of filing, could benefit from the Kansas personal property exemptions. Debtor therefore fits squarely within the terms and intention of the exemption saving sentence at the end of § 522(b)(3) and is entitled to use the federal exemptions of § 522(d).

For the foregoing reasons, the Trustee's objections to the Debtor's use of federal exemption is overruled. The Trustee has not sustained his burden to prove that the exemptions are not properly claimed.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter. A judgment based upon this ruling will be

---

Indiana exemptions because not a resident of the state, was by default entitled to federal exemptions, notwithstanding Florida's opt-out status) and *In re Jewell*, 347 B.R. 120 (Bankr. W.D. N.Y. 2006) (holding that debtors were not eligible to claim exemptions under law of New York, the state to which they had moved less than 730 days prepetition, or under Colorado law, the state from which they had come, were entitled pursuant to the "saving" provision to claim federal exemptions).

[31] 2 *Norton Bankruptcy Law & Practice 2d* § 46:5, citing *In re Schulz*, 101 B.R. 301 (Bankr. N.D. Fla. 1989) and other cases.

14

entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###